Argued and submitted January 27, reversed and remanded for new trial March 26, reconsideration denied May 9, petition for review pending 1986

## STATE OF OREGON,
*Respondent,*

*v.*

## MICHAEL CRAIG LANGEVIN,
*Appellant.*

(146,798; CA A36402)

715 P2d 1355

Paul J. DeMuniz, Salem, argued the cause for appellant. With him on the brief were Robert R. Trethewy and Garrett, Seideman, Hemann, Robertson & DeMuniz, P.C., Salem.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

PER CURIAM

## PER CURIAM

Defendant appeals his conviction for criminally negligent homicide, contending that the police did not have authority to draw blood from him while he was unconscious, and that, if they did have such authority, they were required to obtain a warrant before analyzing his blood several days later for alcohol content.

We hold that the police did have the authority to take a sample of defendant's blood. *Former* ORS 487.835(2);[1] *State v. Heintz,* 286 Or 239, 594 P2d 385 (1979); *State v. Calderon,* 67 Or App 169, 678 P2d 1245, *rev den* 297 Or 272 (1984). That statute also authorized the testing of the blood sample. However, under the Oregon Constitution, in the absence of exigent circumstances, the officers did not have authority to test it for its alcohol content without a warrant, because they had ample time within which to obtain one. *State v. Lowry,* 295 Or 337, 667 P2d 996 (1983); *State v. Westlund,* 75 Or App 43, 705 P2d 208, *rev allowed* 300 Or 332 (1985).

Reversed and remanded for a new trial.

---

[1] ORS 487.835(2) was amended by Or Laws 1985, ch 16, § 299, and, as amended, codified as ORS 813.140.